**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

**GABRIEL MADRIGAL,**

    *Plaintiff*,

**v.**                               **Case No.  SA-21-CV-00625-JKP**

**COMMISSIONER OF SOCIAL SECU-
RITY,**

    *Defendant*.

## ORDER ACCEPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Magistrate Judge Elizabeth Chestney's Report and Recommendation addressing Plaintiff Gabriel Madrigal's appeal of the administrative denial of his application for Disability Insurance Benefits under Title II of the Social Security Act ("SSA"). *ECF No. 18.* Magistrate Judge Chestney recommends this Court affirm the Commissioner's decision. Madrigal filed timely objections to the Report and Recommendation. *ECF No. 20.*

For the following reasons, the Court **OVERRULES** Madrigal's objections, **ACCEPTS and ADOPTS** Magistrate Judge Chestney's Report and Recommendation and **AFFIRMS** the Commissioner's denial of Disability Insurance Benefits (DIB).

## LEGAL STANDARDS

### I.    Review of a Magistrate Judge's Report and Recommendation

When a party objects to the Magistrate Judge's findings or conclusions in a Report and Recommendation, such objections must specifically identify those findings or recommendations the party wishes to have the district court consider. *Thomas v. Arn*, 474 U.S. 140, 151 (1985).  A party who files timely written objections to a magistrate judge's Report and Recommendation is entitled to a *de novo* review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3); *see also Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991). In conducting a *de novo* review, the Court will examine the entire record and, pertinent to the objections, must conduct its own analysis of the applicable facts and make an independent assessment of the law. *Battle*, 834 F.2d at 421; *Johnson v. Southwest Research Inst.*, 210 F. Supp. 3d 863, 864 (W.D. Tex. 2016). As to the portions of the Report that are not objected to, the Court needs only to review those portions to determine whether the findings and conclusions are clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(C); *MPJ v. Aero Sky, L.L.C.*, 673 F. Supp. 2d 475, 479 (W.D. Tex. 2009).

### II.    Review of Commissioner's Determination

The District Court's review of the Commissioner of Social Security's denial of a request for disability benefits is limited to whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000); 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance." *Newton*, 209 F.3d at 452 (quoting *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995)). The Commissioner's findings must be af-

2

firmed if they are supported by substantial evidence. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). A finding of no substantial evidence is warranted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988) (internal quotations and citation omitted); *see also Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001).

It is the role of the Commissioner, not the courts, to resolve conflicts in the evidence. *Newton*, 209 F.3d at 452; *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). As a result, the reviewing court "cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). While substantial deference is afforded the Commissioner's factual findings, the Commissioner's legal conclusions and claims of procedural error are reviewed *de novo. See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

## DISCUSSION

Madrigal did not object to the facts as recited in the Report and Recommendation. Therefore, the Court adopts Magistrate Judge Chestney's recitation of the relevant facts. Nevertheless, the Court will provide a brief overview of the case.

Madrigal filed his application for DIB on September 20, 2019, alleging a disability onset date of November 15, 2014.[1] At the time of his application, Madrigal was 54 years old, received a high school education, and had past work experience as a construction worker/contractor and salesperson at Home Depot. Madrigal was diagnosed with lupus in 2012 and suffered a severe injury in November 2014 when he fell off a high ladder and broke his collarbone and ribs and

---

[1]  This is Madrigal's second DIB application. He filed his first application on October 2, 2017, alleging the same disability onset date of November 15, 2014. The application was denied, and he did not file an administrative appeal.

damaged his left shoulder. The medical conditions upon which Madrigal based his application were rheumatoid arthritis, systemic lupus erythematosus, fibromyalgia, major depressive disorder, generalized anxiety disorder, and Sjogren's syndrome, an autoimmune disorder.

Madrigal's initial application was denied, and he proceeded through the administrative process and received a hearing before an Administrative Law Judge (ALJ). At the hearing, Madrigal testified he was treated by a rheumatologist, Dr. Jose Roldan, since 2012 when he was first diagnosed with lupus. Madrigal described the extent of his November 2014 fall and injury, his subsequent hospitalization, and the challenges he faced due to Sjogren's syndrome. Madrigal further testified to the fatigue, arthritis, and fibromyalgia associated with his disorders and the side effects he suffers from his medications, which cause him to feel emotional, claustrophobic, and socially anxious.

The ALJ denied Madrigal's benefits claim. As support for this finding, the ALJ applied the five-step sequential analysis required by the regulations, proceeding through steps one through three. At step four of the analysis, the ALJ determined Madrigal was able to perform his past work as a Home Depot salesperson. Consequently, Madrigal was not disabled during the relevant period, and therefore, not entitled to receive DIB. After denial of Madrigal's application for DIB, he filed this appeal of the Commissioner of Social Security's final determination upholding the ALJ's decision. In this appeal, Madrigal raised one point of error: the ALJ failed to properly evaluate the opinion of his rheumatologist, Dr. Roldan. Specifically, Madrigal contests the ALJ's discounting of Dr. Roldan's medical source statement (the Statement) submitted in support of Madrigal's application.

The record reveals Dr. Roldan was Madrigal's treating physician since the onset of lupus in 2012. In the Statement submitted with Madrigal's application for DIB, Dr. Roldan assessed

Madrigal with severe limitations, selecting the most restrictive category of physical and mental functioning for almost every question on the form. Dr. Roldan opined that Madrigal will be off task more than 25 percent of the workday; can maintain attention and concentration for less than 30 minutes per day; can never lift or carry any weight; can never reach overhead with either arm or hand; can never handle, finger, feel, push or pull with either arm or hand; can sit and stand/walk less than one hour per workday; needs to lie down for two hours each workday for 30 minutes with his legs elevated; and would be absent more than four days per month.

The ALJ found Dr. Roldan's Statement was not persuasive, stating it was a check-box form and was inconsistent with his treatment notes and records. The ALJ also noted the Statement itself was not supported by any evidence or explanation that could justify the severity of Dr. Roldan's conclusions, as Dr. Roldan directed the reader to "see attached" in multiple places in lieu of any written explanation for his findings, yet neglected to include any attachments. Consequently, the ALJ did not adopt the severe-limitations assessment in the Statement in fashioning Madrigal's Residual Functional Capacity at Step Four of her analysis.

On appeal, Madrigal argues this disregard of the Statement was error, and the ALJ should have adopted Dr. Roldan's restrictions, limited him to sedentary work, and found him disabled. Magistrate Judge Chestney conducted a hearing and thorough review of the issue raised and evidence presented and recommends finding substantial evidence supports the ALJ's determination that Dr. Roldan's opinion was not credible or persuasive in light of the record as a whole, and the ALJ applied the correct legal standard in making this finding.

Upon Madrigal's objection to the Report and Recommendation, this Court also conducted a *de novo* review of the record evidence relevant to the ALJ's consideration of Dr. Roldan's Statement. Upon review, this Court finds the record contains substantial evidence to support the

ALJ's conclusion that the extreme limitations found in Dr. Roldan's Statement—that Madrigal is unable to lift or carry any amount of weight or to use his arms and hands for any amount of reaching, handling, or fingering—were not supported by or consistent with his own treatment records. The ALJ articulated specific reasons for her disregard of Dr. Roldan's Statement and cited to specific examples in the medical record to support her ultimate conclusion. *See Price v. Astrue*, 401 Fed. App'x 985, 986 (5th Cir. 2010). The Court finds the ALJ applied governing regulations to his evaluation of Dr. Roldan's medical source statement, discussed the supportability and consistency factors, and concluded that Dr. Roldan's opinions were inconsistent with and unsupported by his own treatment notes and not credible in light of the failure to include any explanation for the answers on the check-box form. The record as a whole provides substantial evidence for this conclusion, and the Commissioner correctly applied legal standards in reaching the decision.

## CONCLUSION

This Court conducted a *de novo* review of the record and applicable law pertinent to Madrigal's objection to the Report and Recommendation. With regard to those portions of the Report and Recommendation to which Madrigal did not object, the Court reviewed the record for clear error. Following this review of the record, this Court **ACCEPTS** and **ADOPTS** Magistrate Judge Chestney's Report and Recommendation in its entirety. This Court **AFFIRMS** the Commissioner's decision. The Clerk of Court shall **DISMISS** this case, and this case is now **CLOSED**.

It is so ORDERED.
SIGNED this 11th day of July, 2022.

_____
JASON  PULLIAM
UNITED STATES DISTRICT JUDGE